SALTER
*v.*
DUGGAN.

4  281
49  163

## SHORT *v.* THE CITY OF NEW ORLEANS et al.

Novation can only be established by an express declaration to that effect, or by acts tantamount to such a declaration. The attending circumstances must be weighed with exactness, to ascertain whether the parties have really intended to make a novation and release the original debtor.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Denis*, for the plaintiff. *Morel*, for the appellants. The judgment of the court (*King*, J. absent,) was pronounced by

EUSTIS, C. J. The plaintiff alleges that he was, in 1845, the owner of certain *coupons* of interest due on bonds issued by the corporation of the city of New Orleans; that to provide for the payment of these *coupons* the mayor drew his three drafts, in different sums, on each of the municipalities; that the draft for the proportion of the Third Municipality was for the sum of $301 70, payable one year after date, and, after having been accepted by the treasurer of the municipality, was protested for non-payment, of which the drawer had notice. The plaintiff brought his suit against the Third Municipality and the former corporation of New Orleans, and obtained judgment against each for the amount of the draft, with costs. The parties representing the latter corporation have appealed.

The principal ground of defence presented in the written argument of counsel is, that a novation of the original debt had been produced, by the surrender of the *coupons* and taking the drafts on the municipalities, and that thereby the original debtor is released.

The very argument that a novation has taken place, seems to us to exclude the conclusion that the old corporation was not bound on the draft which the creditor received as an equivalent for the obligations of the corporation which he surrendered. Without an express declaration to that effect by the creditor, or acts tantamount to such a declaration, it can never be held that an original debtor is released. This rule is well settled, and is always adhered to in questions occurring in the changing of debts. Courts are bound to weigh with exactness all the attending circumstances of transactions of this kind, in order to ascertain whether the parties have really intended to make a novation of their debts, and to release the original debtors by the substitution of others. Pardessus, Droit Commercial, vol. 2, § 221. Not that we consider any responsibility attaches to the old corporation from the signature of the mayor to the draft as an ordinary commercial instrument, because it is not of that character, nor has any authority

SHORT
*v.*
NEW ORLEANS.

been shown to bind that corporation in that form; but, from the whole transac-tion, as it is before us in argument, we think the original debt has not been changed, and the original party to be liable.          *Judgment affirmed.*